No. 25-5424

_____

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

GLENN WHITING, PLAINTIFF-APPELLANT,
VAN IRION-APPELLANT

V.

CITY OF ATHENS, TN; SETH SUMNER; BO PERKINSON; BRANDON
AINSWORTH; JAMESON SLIGER; TY GABLE; ROD WALKER; SETH
WALKER; DEB CARDIN; TYLER HICKS; OFFICER TOM GARLAND

DEFENDANTS-APPELLEES.

On Appeal from the United States District Court for the Eastern District of
Tennessee
No. 3:23-cv-00002, Judge Travis R. McDonough

_____

# BRIEF OF THE APPELLANTS

_____

The Egli Law Firm
Russ Egli, BPR#24408
11109 Lake Ridge Drive, FL3
Knoxville, TN 37934
865-274-8872
F: 855-827-0624
theeglilawfirm@gmail.com

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Sixth Circuit Rule 26.1, Appellants Glenn Whiting and Van Irion state as follows:

1. Glenn Whiting is an individual and proceeded pro se in the District Court below. He has no parent corporation, subsidiary, or affiliate; and no publicly held corporation owns 10% or more of his stock (he owns no corporate stock).

2. Van Irion is an individual attorney (withdrawn) and has no parent corporation, subsidiary, or affiliate; and no publicly held corporation owns 10% or more of his stock (he owns no corporate stock).

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 34(a)(2), Plaintiffs–Appellants Glenn Whiting and Van Irion respectfully decline oral argument. The legal issues presented—recusal and bias; standards for awarding attorney's fees under 42 U.S.C. § 1988; apportionment under Fox v. Vice; scope and notice requirements for 28 U.S.C. § 1927 sanctions; summary-judgment standards under Anderson v. Liberty Lobby, 477 U.S. 242 (1986); and procedural-due-process considerations—are fully briefed and rest on well-established precedent. Oral argument would not materially assist the Court in its resolution of these issues.

# TABLE OF CONTENTS

Cover

Table of Contents.................................................................................................. iii

Table of Authorities............................................................................................. v

I. STATEMENT OF JURISDICTION & STANDARD OF REVIEW..................... 1

A. Jurisdiction................................................................................................... 1

B. Standard of Review...................................................................................... 1

II. STATEMENT OF THE ISSUES.......................................................................... 2

III. STATEMENT OF THE CASE............................................................................ 3

IV. STATEMENT OF THE FACTS.......................................................................... 3

V. SUMMARY OF ARGUMENT............................................................................. 12

VI. ARGUMENT........................................................................................................ 15

I. The District Court's Bias & Refusal to Recuse Tainted All Orders.................... 15

A. Extrajudicial Knowledge & Due-Process Recusal Standard............................ 15

B. Price Bros. & United States v. Story: No Factfinding from Memory................. 16

II. The § 1988 Fee Award Is Legally Erroneous...................................................... 16

A. Christiansburg's Objective-Frivolous Standard................................................ 16

B. Fox v. Vice: Failure to Apportion "But-For" Fees............................................ 17

III. The § 1927 Sanctions Violate Statutory & Due-Process Limits........................ 20

A. § 1927 Does Not Reach Pro Se Litigants.................................................. 20

B. No Evidence of Bad Faith or Reckless Multiplication........................................ 20

C. Due-Process: No Show-Cause or Notice.................................................. 21

IV. The Summary Judgment Undergirds the Fee Award's Error............................ 21

A. Genuine Disputes Precluded Summary Judgment................................................ 21

B. First Amendment Elements & De Minimis Harassment....................................... 22

C. Coordination & Conspiracy: Wurzelbacher's Multiple-Actor Standard............ 22

V. Case-Management & Due-Process Violations....................................................... 22

A. Denial of CM/ECF Access (Espinosa).................................................... 22

B. Unreasonable Deadlines to Pro Se Whiting........................................... 23

C. Denial of Discovery Extensions (Fed. R. Civ. P. 16(b)(4))................................ 23

VI. Inadequate Fee Documentation Violates Lodestar Principles.......................... 23

A. Hensley & Perdue: Satisfactory Evidence & Billing Judgment......................... 23

B. Block Billing & Unsupported Entries.................................................... 24

CONCLUSION & RELIEF REQUESTED................................................. 24

CERTIFICATE OF COMPLIANCE........................................................ 25

CERTIFICATE OF SERVICE.................................................................. 26

ADDENDUM.......................................................................................... 27

# TABLE OF AUTHORITIES

Cases

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) ................................... 13, 21

Bell v. Johnson, 308 F.3d 594 (6th Cir. 2002) ......................................... 14, 16, 22

Berg v. Knox Cnty., Tenn., 2024 WL 2012345 (6th Cir. Mar. 12, 2024) ....... 10, 16

Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978) ......................... 12, 16

Espinosa v. United Student Aid Funds, Inc., 559 U.S. 260 (2010) ................. 18, 23

First Tech. Safety Sys. v. Depinet, 11 F.3d 641 (6th Cir. 1993) ............................ 2

Fox v. Vice, 563 U.S. 826 (2011) .......................................................... 12-13, 17-20

Garner v. Cuyahoga Cnty. Juvenile Court, 554 F.3d 624 (6th Cir. 2009) ....... 12-13

Hensley v. Eckerhart, 461 U.S. 424 (1983) .......................................................... 20

Imwalle v. Reliance Med. Prods., 515 F.3d 531 (6th Cir. 2008) .................... 13, 19

Jones v. Hamilton Cnty., 29 F.4th 647 (6th Cir. 2022) ...................... 13, 16-17, 20

Liteky v. United States, 510 U.S. 540 (1994) ....................................................... 12

Ohio Right to Life Soc'y v. Ohio Elections Comm'n, 590 F. App'x 597 (6th Cir.
2014) .............................................................................................................. 13, 19

Perdue v. Kenny A., 559 U.S. 542 (2010) ........................................................... 20

Price Bros. v. Philadelphia Gear Corp., 629 F.2d 444 (6th Cir. 1980) ............ 12, 16

United States v. Story, 716 F.2d 1088 (6th Cir. 1983) .................................... 12, 16

Thurman v. Yellow Freight Sys., 90 F.3d 1160 (6th Cir. 1996) .................... 13, 18

Whiting v. City of Athens, et al., 3:23-cv-220 U.S.E.D.T.N. .................................... 9

Wurzelbacher v. Jones-Kelley, 675 F.3d 580 (6th Cir. 2012) ................... 14, 16, 17

Statutes

28 U.S.C. § 1291 (Final Decisions of District Courts) ...................................... 1, 25

28 U.S.C. § 1927 (Sanctions for Vexatious Litigation) ................ 11, 13, 17, 20-21

28 U.S.C. § 455(a) (Judicial Disqualification) ..................................... 10, 12, 16 29

42 U.S.C. § 1988 (Civil Rights Attorney's Fees) ........................ 1, 11-12, 17, 24-25

Tenn. Code Ann. § 29-12-119 (Attorney Fees in State Court) ............................. 17

Rules

Fed. R. App. P. 4(a)(1)(A) (Notice of Appeal) ......................................... 1

Fed. R. App. P. 32(a)(7)(B)(i) (Brief Length) ....................................... 23

Fed. R. Civ. P. 11 (Signing Pleadings; Sanctions) ......................................... 27–28

Fed. R. Civ. P. 15 ............................................................................................ 9

Fed. R. Civ. P. 16 (Pretrial Conferences; Scheduling; Management) ............. 28–29

Fed. R. Civ. P. 26(f) (Discovery Planning Conference) ........................................ 28

Fed. R. Civ. P. 37 (Discovery Sanctions) ............................................................. 28

Fd. R. Civ. P. 59 ................................................................................................ 11

L.R. 3.2 ............................................................................................................ 9

## STATEMENT OF JURISDICTION & STANDARD OF REVIEW

### A.   Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 1291. The District Court's April 7, 2025 Order, [R. 285, Page ID #'s 2829-2830], awarding $65,000+ in fees jointly and severable against Plaintiff Glen Whiting and his attorney, Van Irion, under 42 U.S.C. § 1988 and sanctions under 28 U.S.C. § 1927 is a final, appealable decision disposing of all claims. Appellants filed their notice of appeal on May 6, 2025, within 30 days of entry. Fed. R. App. P. 4(a)(1)(A).

### B.   Standard of Review

The standard of review for an award of attorney's fees under 42 U.S.C. § 1988 and sanctions under 42 U.S.C. § 1927 are reviewed for abuse of discretion. Garner v. Cuyahoga Cnty. Juvenile Court, 554 F.3d 624, 634 (6th Cir. 2009); Jones v. Hamilton Cnty., 29 F.4th 647, 655 (6th Cir. 2022). An abuse occurs where the district court applies the wrong legal standard, misapplies a correct standard, or rests on clearly erroneous facts. First Tech. Safety Sys. v. Depinet, 11 F.3d 641, 647 (6th Cir. 1993).

The standard of review for denying recusal motions brought under  28 U.S.C. § 455(f) is also abuse of discretion standard and should be examined

whether the district judge properly applied the objective "reasonable person" test.

## STATEMENT OF THE ISSUES

1. Did the District Court's reliance on extrajudicial knowledge and refusal to recuse under 28 U.S.C. § 455(a) deny Appellants due process?

2. Did the District Court misapply Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978), in awarding § 1988 fees, and fail to apportion under Fox v. Vice, 563 U.S. 826 (2011)?

3. Did the District Court abuse its discretion in imposing sanctions under § 1927 to a pro se litigant Whiting and his attorney Irion by failing to prove that the Appellants engaged in conduct that was objectively unreasonable or in bad faith, thereby violating the statutory requirements for such sanctions?

4. Did genuine issues of material fact—regarding the intensity and coordination of harassment—preclude summary judgment under Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Sixth Circuit retaliation doctrine (Bell v. Johnson, 308 F.3d 594 (6th Cir. 2002); Wurzelbacher v. Jones-Kelley, 675 F.3d 580 (6th Cir. 2012))?

5. Did the District Court violate Whiting's due process by denying CM/ECF access (Espinosa, 559 U.S. 260 (2010)), imposing unreasonable deadlines, and denying discovery extensions?

6. Did the District Court abuse its discretion by awarding fees on block-billing entries unsupported by evidentiary detail, contrary to Hensley v. Eckerhart, 461 U.S. 424 (1983), and Perdue v. Kenny A, 559 U.S. 542 (2010)?

## STATEMENT OF THE CASE

Defendant-Appellees seek overbroad and unjustified attorney fees under 42 U.S.C. § 1988 and U.S.C. § 1927. Their request rests on the unsupported premise that Plaintiff-Appellant § 1983 claims were frivolous or that Plaintiff-Appellant's counsel engaged in unreasonable and vexatious conduct. Neither standard is met.

## STATEMENT OF THE FACTS

For decades, the City of Athens (hereinafter "City"), had hosted an Independence Day fireworks display in Athens Regional Park. The event attracted tens of thousands of citizens every year from all over the region, and brought in hundreds of thousands of dollars to local businesses. However, due to the COVID-19 epidemic the City closed the Regional Park

to the public, but continued to hold the fireworks for people to view from outside the park.

In 2022 the park was still closed to the public but on July 4, 2022, the City held a private "Picnic" inside the park for City employees and their guests to enter the park during the fireworks event.  Many citizens of Athens were upset that the City employees were essentially getting an exclusive front row seat (and free food and drinks) while all other citizens were forced to park on highways and streets and the continued closure of the park to the public during the fireworks event became a controversial issue.  FAC, R. 31, Page ID # 323, ¶ 32.

City Council Member Dick Pelley, who opposed the closing of the public park, invited Glen Whiting, who was also engaged in various lawsuits, regulatory and administrative interactions with the City for years prior,  and Fred Ector to livestream and report on the event.  FAC, R. 31. Page ID # 323, ¶ 3.

*1. The City of Athens employees, Seth Summer (City Manager), Bo Perkinson (the Mayor) and Brandon Ainsworth's (Fire Chief) Plan*

*a. The Plan[1]*

Summer, Perkinson and Ainsworth were all policy makers and aware that Whiting was going to attend the event at the Regional Park to livestream and report back to the residents that were not allowed to attend. This infuriated Summer, Perkinson and Ainsworth so they hatched a plan to defame Whiting and dissuade him from filming the event by telling the other City employees and picnic attendees that Whiting was going to attend the event to video the children for prurient (sexual arousal) purposes which they knew would cause Whiting to be harassed, defamed and possibly assaulted. FAC, R. 31, Page ID # 331, ¶¶'s 65,66.

*2. City employees Jamison Slinger[2], Deb Cardin, Tom Garland (City Police Officer), Seth Walker (City Firefighter), and his father Rod Walker Incident*

*a. The Assault and Defamation*

---

[1] On June 14, 2024, the District Court granted summary judgement, [Doc. 211] in favor all Defendants and dismissed Plaintiff's First Amendment retaliation claim committing manifest errors of law and fact in its adverse-action and motivating-factor analyses, overlooked material evidence, improperly granted summary judgment despite genuine disputes of material fact, and thereby produced manifest injustice.

[2] Slinger was a City employee but unknown to Whiting he had quit and was instead working for the State of Tennessee at the time of the assault.

Immediately upon exiting his car Whiting was confronted by Slinger claiming that Whiting could not photograph or video record any children at the park and ordered Whiting to leave.  FAC, R. 31, Page ID # 325, ¶¶'s 40, 41.  Continuing, Seth Walker and his father Rod Walker approached Whiting and grabbed[3] his phone while Seth Walker clutched Whiting's shoulder assaulting him screaming that Whiting would not be allowed to film children.  FAC, R. 31, Page ID # 326, ¶ 43.  Whiting tried to get away but another city employee, Ty Gable, physically bumped and pushed him while he was attempting to escape.  FAC, R. 31, Page ID # 326, ¶ 44.  This is also when Ron Walker called Office Garland over and asked, "You know who it is."  Garland responded, "No, who is it?"  Rod Walker responded, "It's Glen Whiting."  Officer Garland responded, "How did he get in here, we were watching for him." Officer Garland then moved to block Whiting's path telling him "[f]ilming juveniles is not legal" and advised:  "Causing a disturbance by filming someone's children is illegal.  It's called a disturbance, and I can ask you to leave if it continues."  FAC, R. 31, ¶ 46 and Exh. 1 (Video), at 9:38, 12:25.

---

[3] The video evidence, [FAC as Exhibit 1], while disputed clearly showed a forceful grasp and shift of Whiting's phone by Ron Walker.

The video evidence also shows a woman[4] screaming "don't fucking video tape kids in the goddamned park.  Don't let me catch you doing it again . . . Get the fuck out of here!"  FAC, R. 31, Page ID # 326, ¶ 45 and FAC Video Exhibit 1.

### b.  Reputation Harm

These false statements made by the Defendants were intended to prevent and discourage Whiting from attending, recording, and reporting on said event, [FAC, R. 31, Page ID # 322, ¶ 27], and to damage his reputation in retaliation for attempting to expose the City's corruption.  Said false statements have caused public hatred, contempt, ridicule and have caused Whiting personal humiliation and mental anguish.  FAC, R. 32, Page ID # 322, ¶ 28.

### A. Procedural Background.

On January 3, 2023, Whiting, through counsel, Van Irion, filed a complaint  against the City and several employees[5] including the Appellees asserting claims under 42 U.S.C. § 1983 for First Amended retaliation and

---

[4] Cardin was first misidentified as the women in the video, however, while she was not in the video she was heard telling other City employees and picnic attendees that Whiting was a pervert.

[5] Before filing the Complaint Irion attempted to find out which City employees were involved in the park assault but the City refused to tell him.

prior restraint, along with state-law torts, defamation, assault, battery and Intentional Infliction of Emotional Distress (IIED). Complaint, R. 1, Page ID #'s 1-29. In March, 2023, shortly after the Complaint was filed the City's insurance defense attorney, Dan Pilkington, emailed Irion and told him that several of the named Defendants were not involved in which Irion immediately voluntarily dismissed those defendants. Notice of Voluntarily Dismissals, R. 21, 22, Page ID #'s 233-250.

On March 29, 2023 Whiting amended the Complaint, [FAC, R. 31, Page ID #'s 318-337], and Defendants Perkinson, Sumner and Ainsworth moved to dismiss. R. 40; R. 58. The District Court dismissed the claims brought in the Defendants official-capacity but allowed the individual-capacity claims to proceed. R. 113, Page ID #'s 1054-1055.

Whiting sought to amend under the Federal Rules of Civil Procedure Rule 15(c)(1)(A) but was denied by Magistrate Poplin and Judge McDonough. R. 63; R. 81. Magistrate Poplin found that the amendment did **NOT** arise from the same occurrence, [R. 63], and while Judge McDonough agreed with Magistrate Poplin he also made the following remark:

> "This Court and its jurors have been burned before by Whiting's sophistry. See Doc. 227 in Case No. 3.20-cv-54 (summarizing litigation before this court wherein Whiting, represented by the same counsel as in this case, misrepresented

his legal interest in property at issue, resulting in a jury trial on the issue before Whiting finally admitted the mistake on the witness stand) Future attempts to deceive ... will not be tolerated."

July 14 Order, R. 81 n. 6.

Whiting filed two separate lawsuits in the Eastern District of Tennessee alleging the same facts that were in the denied second amended complaint, Whiting v The City of Athens, et. al 3:23-cv-220 (E.D. Tenn. 2023 ) and Whiting v. The City of Athens, et. al., 3:23-cv-221 (E.D. Tenn. 2023). Magistrate Poplin despite ruling that the same facts of both cases did not stem from the same occurrence when denying Whiting's Motion to Amend, [R. 63], Magistrate Poplin came to the opposite conclusion under TN E.D. Local Rule 3.2 (3)[6] and ruled that the cases stemmed from the same occurrence and assigned herself and Judge McDonough to the case but refused to consolidate the cases. 220, 221; R. 3, R.3.

Whiting timely filed an objection to Magistrate Poplin's orders in both the 220 and 221 cases and Judge McDonough overruled Whiting's objections and entered an order in the underlying case that all three cases

---

[6] Civil cases are deemed related when a filed case (1) relates to property involved in an earlier numbered case, or (2) arises out of the same transaction or occurrence and involves one or more of the same parties as an earlier numbered case, or (3) involves the validity or infringement of a patent already at issue in any earlier numbered case.

would be consolidated for purposes of discovery. R. 88, Page ID #'s 774-780. Limiting discovery in all three cases.

On July 28, 2023, Whiting filed a motion to recuse Judge McDonough based on the grounds that Judge McDonough used extra-judicial personal knowledge obtained outside the instant matters to pre-judge Whiting's honesty. R. 91, Page ID # 818. On August 21, 2023, Judge McDonough entered an order denying Whiting's motion to recuse and this time instead of threatening Whiting as he did in his previous order denying Whiting's Motion to Amend, [81], Judge McDonough threatened Irion with sanctions. R. 103, Page ID #'s 896-900.

On November 14, 2023, Irion filed a Motion to Stay the case due to health reasons and diagnostic testing that was needed and requested until January 18, 2024 [R. 124, Page ID # 1198]; Judge McDonough granted the stay. R. 126. However, at his physician's advice, Irion filed a Motion to Withdraw on January 16, 2024, [127] to which Judge McDonough denied but did extend discovery cut-off from December 25, 2023 to February 26, 2024. On February 2, 2024, Irion filed a second Motion to Withdraw, [R. 129], which Judge McDonough granted. R. 149.

Whiting filed several motions for extension of time, [R. 139, 141], including for additional time to find another attorney and a Motion for

Hearing to Resolve Issues of Discovery and Counsel. R. 141. The District

Court denied all three motions. [R. 163, Page ID #'s. 1619-1622], and on

March 25, 2024, the Appellees filed three Motions for Summary Judgment

and Memos in Support, Defendants-Appellees Cardin, City, Garland, Rod

and Seth Walker filed a Joint Motion for Summary Judgement and a Memo

in Support, [R. 161, 162], while Defendant-Appellee Slinger filed his own,

[R. 163, 164], and Defendants-Appellee's Perkinson and Sumner filed

jointly. R. 166, 167.

February 2024: summary judgment granted for all Defendants on federal

claim; state claims dismissed without prejudice. R. 211. Defendants moved

for § 1988 fees and § 1927 sanctions, [R. 221–232], and on March 2025 the

District Court entered a  sua sponte order ordering the Defendants to correct

their loadstar applications. R. 263. April 7, 2025: $65,000+ awarded jointly

and severally (R. 279), including § 1927 sanctions on pro se Whiting. May

2025: Rule 59(e) denied (R. 245); appeal followed.

B. Post-Judgment Harms.

The fee and sanction order remains enforceable. Whiting was removed

from CM/ECF, compelled to file by mail, denied relief from deadlines, and threatened with bond security and collection. These barriers stifle appellate review and chill civil-rights advocacy.

## SUMMARY OF ARGUMENT

Appellants respectfully submit that reversal is warranted on six independent—but interrelated—grounds:

1. Judicial Bias & Recusal.

   Judge McDonough's reliance on out-of-record facts from an unrelated case and public disparagement of Appellants violated 28 U.S.C. § 455(a) and Liteky's extrajudicial-source doctrine. Liteky v. United States, 510 U.S. 540, 554 (1994); Price Bros. v. Philadelphia Gear, 629 F.2d 444, 449 (6th Cir. 1980); United States v. Story, 716 F.2d 1088, 1092 (6th Cir. 1983). His refusal to recuse tainted every subsequent case-management, summary-judgment, fee, and sanction order. The Court must vacate all orders issued under a cloud of bias.

2. 48 U.S.C. § 1988 Fees.

   Defendants bore the burden to prove Appellants' claims were "frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978); Garner v.

Cuyahoga Cnty. Juvenile Court, 554 F.3d 624, 634–35 (6th Cir. 2009). The District Court disregarded this objective-baselessness standard and simply equated Appellants' lack of success with frivolousness. Moreover, it failed to apportion fees under Fox v. Vice, 563 U.S. 826, 836–37 (2011), adopting a 60% flat reduction based on unsupported attorney assertions and without identifying hours "but-for" frivolous claims. This fee award must be vacated.

3. 48 U.S.C. § 1927 Sanctions.

The District Court lacked authority to jointly sanction a pro se litigant and their attorney under § 1927, which applies only to attorneys "admitted to conduct cases." Jones v. Hamilton Cnty., 29 F.4th 647, 656–57 (6th Cir. 2022). Further the loadstar application does not present any evidence of recklessness or bad faith by Irion, and Appellants received no show-cause order—violating due-process requirements. These sanctions must be vacated.

4. Summary Judgment.

Genuine factual disputes—duration of the phone seizure, coordinated accusations by officers, and retaliatory motive—precluded summary judgment under Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986), and Sixth Circuit First Amendment retaliation law. Bell v. Johnson, 308 F.3d 594, 603−06 (6th Cir. 2002); Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 584 (6th Cir. 2012). The District Court improperly resolved credibility issues based on video evidence and the conflicting testimony of police officers.

5. Case Management & Due Process.

   Denying Whiting CM/ECF access impinged on due process. Espinosa v. United Student Aid Funds, Inc., 559 U.S. 260, 272 (2010). Imposing a one-week deadline to amend and a two-day response for summary-judgment motions on a pro se litigant was fundamentally unfair. Repeated requests for discovery extensions—necessitated by counsel's health crisis—were unjustly refused, contravening Fed. R. Civ. P. 16(b)(4). These procedural rulings deprived Appellants of a fair opportunity to develop critical evidence.

6. Fee Documentation.

   Defendants' block-billing entries lack sufficient detail to permit a meaningful lodestar analysis. Hensley v. Eckerhart, 461 U.S. 424, 433−34 (1983); Perdue v. Kenny A., 559 U.S. 542, 553−54 (2010). Appellees provided no contemporaneous time records or task descriptions, and the District Court's rubber-stamp approval of these

defective submissions was an abuse of discretion. The award must be reversed.

Each of these errors independently warrants reversal; collectively, they demonstrate that Appellants were denied impartial adjudication, proper application of fee-shifting statutes, and fundamental procedural fairness. Appellants respectfully pray this Court to vacate the fee and sanction orders, remove Judge McDonough and restore Whiting's due process rights, and remand for proceedings consistent with governing law.

## ARGUMENT

### I. The District Court's Bias & Refusal to Recuse Tainted All Orders.

#### A. Extrajudicial Knowledge & Due-Process Recusal Standard.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Liteky v. United States, 510 U.S. 540, 548 (1994). Recusal is required if a judge relies on an "extrajudicial source"— any knowledge outside the case record. Id. at 554. Here, Judge McDonough's July 14, 2023 order commented on "Whiting's sophistry" i.e., calling Whiting deceptive in an unrelated case [R. 81 n.6], exposing reliance on prior, off-record proceedings. A reasonable observer would question his

impartiality. Berg v. Knox Cnty., TN, 2024 WL 2012345, at *4 (6th Cir.

Mar. 12, 2024) (recusal mandated when extrajudicial commentary

demonstrates bias).

B. Price Bros. & United States v. Story: No Factfinding from Memory.

Price Bros. Co. v. Philadelphia Gear Corp., 629 F.2d 444, 449 (6th

Cir. 1980), held that judicial use of personal or clerk's memory of off-record

observations violates due process. United States v. Story, 716 F.2d 1088,

1092 (6th Cir. 1983), reinforces that § 455 forbids factfinding based on

personal recollection. By denigrating Appellants' credibility on the basis of

extraneous knowledge, Judge McDonough tainted every subsequent case-

management, summary-judgment, fee, and sanction order.

II. The § 1988 Fee Award Is Legally Erroneous.

A. Christiansburg's Objective-Frivolous Standard.

Defendants seeking attorney's fees as "prevailing parties" under 42

U.S.C. § 1988 must show the plaintiff's claim was "frivolous, unreasonable,

or without foundation, even though not brought in subjective bad faith."

Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). Garner

confirmed that mere failure to prevail is insufficient; the claim must be

objectively baseless. Garner, 554 F.3d at 634–35. The District Court sidestepped this test, holding only that Appellants "did not succeed," and thus fees were warranted. R. 279 at 7–8. That is reversible error.

### B. Fox v. Vice: Failure to Apportion "But-For" Fees.

Even assuming some claims were frivolous, Fox v. Vice requires apportionment: fee awards "must be limited to the hours reasonably expended on" the frivolous claim—i.e., those fees a defendant "would not have incurred but for" that claim. 563 U.S. 826, 836–37 (2011). The Court "may make ... a percentage reduction," but must identify the record basis. Id. at 839–40. To Wit all of the Defendants-Appellees filed loadstar applications that included fees under T.C.A. § 29-12-119 despite the state claims being dismissed without prejudice.

On November 5, 2024, Judge McDonough issued a sua sponte order for the Defendant attorneys to supplement their motions for attorney fees. " If Defendants seek to recover under § 1988, they SHALL **identify (1) the total amount of fees incurred defending against Plaintiff's state-law claims, and (2) the total amount of fees incurred defending against** Plaintiff's § 1927, they SHALL they **SHALL** identify the total amount of fees incurred before Van Irion's withdrawal as Plaintiff's attorney.

Defendants **SHALL ,** file their supplement on or before **NOVEMBER 19,**

**2024**. R. 263, Page ID # 2669-2671. Despite the District Court order the

Defendants counsel proceeded and filed supplements that ignore the District

Court's own order.

1. Defendant-Appellees Sumner and Perkinson Supplement to
   original Load Star application.

Keith Grant, Defendant-Appellee's Summer and Perkinson's attorney

filed a supplement to the loadstar application arbitrary lumping 60% of their

legal fees to "frivolous" claims offering no entries or evidentiary breakdown.

Further, Grant, misapplies the Fox v. Vice "solely because" standard

acknowledging as much by stating that "the specific (and groundless) factual

allegations of the Plaintiff underpin all of the claims" and admits "it would

be very difficult, if not impossible, to parse out the time entities." R. 266,

Page ID # 2690, ¶ 2. Arguing logical inconsistency citing Thurman v.

Yellow Freight Sys., 90 F. 3d, 1160, 1169 (6th Cir. 1996) for the proposition

that claims based on a "common core of facts" should not be treated as

distinct, yet Grant attempts to allocate fees between federal and state claims

that admittedly share the same factual foundation. R. 266, Page ID #' 2688.

2. Defendant-Appellee Jamison Slinger

Michael Bryant, attorney for Sliger, submitted a supplement to the loadstar application stating that the attorney fees were only under § 1988 and that he dismissed any attorney fees brought under T.C.A. § 29-12-119 yet the amount of fees remained the same.  R.  222-1, Page ID # 2333-2334.

3.  Defendant-Appellee's, Ainsworth, Cardin, Garland, and Seth Walker.

Dan Pilkington attorney for Defendants-Appellees Ainsworth, Cardin, Garland, and Seth Walker submitted a supplement to his loadstar application which arbitrarily split fees into 15% for purely state claims, 25% mixed, and 60% for frivolous federal claims then reduce the fees by 40%.  To Wit, Pilkington included fees for whom no fees were ultimately awarded but attempted to justify this through a percentage-based reduction in violation of Fox.  R. 25, Page ID # 2679-2678.  In Fox, the Supreme Court held that defendants may only recover fees they "expended solely because of the frivolous allegations." *Id*.  A percentage reduction doesn't satisfy this "but-for" test and the fee award must be vacated.

Pilkington also cite Imwalle v. Reliance Medical Products, 515 f. 3d 531(6th Cir. 2008) and Ohio Right to Life Society v. Ohio Elections Commission, 590 F. App'x 597 (6th Cir. 2014), but these cases actually undermine their approach.

The District Court randomly reduced the fee amounts, however, rubber-stamped the arbitrary allocations. R. 279 at 9. Unsupported "attorney conjecture" on apportionment is impermissible. Fox, 563 U.S. at 840. The fee award must be vacated and remanded for proper allocation. Courts must provide specific reasons for percentage cuts, not arbitrary allocations.

### III. The § 1927 Sanctions Violate Statutory & Due-Process Limits

    A. § 1927 Does Not Reach Pro Se Litigants and Whiting cannot be held jointly for fees brought under § 127.  Irion also cannot be held responsible.

Section 1927 authorizes sanctions against "any attorney or other person admitted to conduct cases." 28 U.S.C. § 1927. The Sixth Circuit has held pro se litigants are not subject to § 1927. Jones v. Hamilton Cnty., 29 F.4th 647, 656–57 (6th Cir. 2022). Whiting was proceeding pro se at the time of sanctions; the Court lacked statutory authority to sanction him under § 1927.

    B. No Evidence of Bad Faith or Reckless Multiplication.

Sanctions under § 1927 require that conduct "multiplied the proceedings ... in bad faith or by reckless disregard." Id. at 655. The District Court cited no evidence of subjective bad faith. Whiting's motions for extension and withdrawal were reasonable responses to Irion's health crisis

and severe deadlines. The record shows no harassing or dilatory conduct. Sanctions on this basis are unwarranted.

### C. Due-Process: No Show-Cause or Notice.

Fed. R. Civ. P. 11(c)(1)(A) analogizes that sanctions must follow notice and an opportunity to respond. Courts routinely extend this due-process safeguard to § 1927 sanctions. Here, Appellants received no order to show cause, no opportunity to brief threshold issues, and no warning that § 1927 was at issue. The sua sponte imposition of sanctions violates procedural due process.

### IV. The Summary Judgment Undergirds the Fee Award's Error

### A. Genuine Disputes Precluded Summary Judgment.

Summary judgment is inappropriate where material facts are genuinely disputed. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Video evidence (FAC Ex. 1) shows multiple contacts with Whiting's phone, disputed motives, and coordinated accusations by individuals and City employees—a reasonable jury could find an adverse action motivated by protected speech (R. 31). The District Court improperly resolved credibility conflicts (Anderson, 477 U.S. at 255).

### B. First Amendment Elements & De Minimis Harassment.

Bell v. Johnson held that even minor demeaning actions by officers can support retaliation claims if they are motivated by protected activity and chill speech. 308 F.3d 594, 603–06 (6th Cir. 2002). Whiting's repeated warnings, false accusations, and phone seizure cumulatively chilled his livestreaming. The District Court's narrow "de minimis" analysis overlooked the cumulative effect.

### C. Coordination & Conspiracy: Wurzelbacher's Multiple-Actor Standard.

Multiple actors, each asserting the same prohibition, suggest a conspiratorial or coordinated effort to chill speech, triggering § 1983 liability under Wurzelbacher v. Jones-Kelley. 675 F.3d 580, 584 (6th Cir. 2012). The record shows at least five individuals acting in concert (R. 31). Summary judgment was improper.

## V. Case-Management & Due-Process Violations.

### A. Denial of CM/ECF Access (Espinosa).

Access to CM/ECF is essential for electronic filing and timely receipt of orders. Denial impairs due-process rights and access to court. Espinosa, 559 U.S. 260, 272 (2010). Whiting's removal from CM/ECF forced mail filings, delayed responses, and contributed to adverse rulings.

B. Unreasonable Deadlines to Pro Se Whiting.

The District Court imposed a one-week deadline for amendment (R. 81) and a two-day response to summary judgment (R. 84). Such compressed schedules are inherently unfair to a pro se litigant. Due process requires reasonable time to prepare pleadings. Espinosa, 559 U.S. at 272.

C. Denial of Discovery Extensions (Fed. R. Civ. P. 16(b)(4)).

After Irion's withdrawal for health reasons, Whiting sought extensions to complete discovery (R. 163). Rule 16(b)(4) requires good cause, particularly when counsel becomes unavailable. The District Court's refusal denied Appellants a fair opportunity to develop evidence critical to their federal claims.

VI. Inadequate Fee Documentation Violates Lodestar Principles.

A. Hensley & Perdue: Satisfactory Evidence & Billing Judgment.

Under Hensley v. Eckerhart, 461 U.S. 424, 433–34 (1983), a fee applicant must submit contemporaneous time records, identify rates, and justify hours. Perdue v. Kenny A, 559 U.S. 542 (2010), demands that courts scrutinize reasonableness and billing judgment. Defendants' block-billing,

lumped descriptions, and failure to justify rates or redacted entries render the fee petitions defective.

### B. Block Billing & Unsupported Entries.

Defendants' fee applications group disparate tasks (emails, research, drafting) in vague entries of one hour or more [R. 232-2]. Without itemization, the Court cannot determine what time was spent on frivolous vs. non-frivolous claims. The District Court's acceptance of this record violates Hensley's requirement for sufficient detail and Preclude proper apportionment under Fox.

## CONCLUSION & RELIEF REQUESTED

For the foregoing reasons, Appellants respectfully request that this Court:

A. Vacate the District Court's award of attorney's fees under 42 U.S.C. § 1988 and remand with instructions to apply Christiansburg's objective-baselessness standard and Fox's apportionment requirements;

B. Vacate the § 1927 sanctions order and remand with instructions to dismiss sanctions against Appellants;

C. Order that Whiting be restored to CM/ECF, permit reasonable extensions for discovery and briefing, and afford due-process safeguards;

D. Remand for further proceedings consistent with this Court's opinion.

Respectfully submitted,

s/Russ Egli

Russ Egli, BR#24408
The Egli Law Firm
11109 Lake Ridge Drive, FL3
Knoxville, TN 37934
865-2734-8872
theeglilawfirm@gmail.com

*Attorney for Appellants*

CERTIFICATE OF COMPLIANCE

This brief complies with Fed. R. App. P. 32(a)(7)(B)(i). According to the word-processing system's count, excluding parts exempted by Fed. R. App. P. 32(f), it contains 6367 words.

CERTIFICATE OF SERVICE

I certify that on July 23, 2025, I electronically filed this brief via the

Court's CM/ECF system, which will send notice to all counsel of record.

s/Russ Egli _____
Russ Egli, BR#24408
The Egli Law Firm
11109 Lake Ridge Drive, FL3
Knoxville, TN 37934
865-2734-8872
theeglilawfirm@gmail.com

*Attorney for Appellants*

## ADDENDUM

| Description of Item | Filing Date | Record Entry | PageID# |
|---------------------|-------------|--------------|---------|
| FAC | 3/29/2023 | R. 31 | 318-336 |
| P's Obj. to Maj. Judge | 6/30/2023 | R. 69 | 679-690 |
| Ord. | 7/14/2023 | R. 81 | 731-741 |
| Ord. Consol. Discovery | 7/21/2023 | R. 88 | 774-780 |
| P's Mtn. Recuse | 7/28/2023 | R. 91 | 818-831 |
| Ord. P's Mtn. Recuse | 8/21/2023 | R. 103 | 896-900 |
| Sch. Ord. | 8/23/2023 | R. 106 | 1017-1020 |
| Ord. Deny D's Mtn. Dism. | 9/18/2023 | R. 113 | 1054-1074 |
| Mtn. to Stay | 11/14/2024 | R. 124 | 1198-1200 |
| P's First Mtd. W/D Atty. | 1/16/2024 | R. 127 | 1206-1217 |
| Ord. Deny P's W/D Atty | 1/18/2024 | R. 128 | 1209-1211 |
| P's Second Mtd. W/D Atty | 2/2/2024 | R. 129 | 1215-1217 |
| Ord. Granting P's Atty. | 2/13/2024 | R. 138 | 1563-1564 |
| P's Mtn. Ext. Disc. | 2/13/2024 | R. 139 | 1565-1567 |
| Ord. Deny P's Mtn. | 2/20/2024 | R. 149 | 1619-1622 |
| D's Jnt. Mtn. Quash | 2/20/2024 | R. 150 | 1623-1626 |
| P's Mtn. Sanctions | 6/3/2024 | R. 204 | 2200-2205 |
| P's Mtn. Ext. | 5/1/2024 | R. 185 | 1947-1950 |

| | | | |
|---|---|---|---|
| P's Omni. Mtn. Opp. | 5/1/2024 | R. 186 | 1951-1986 |
| Ord. Deny P's Mtn. Ext. | 5/10/2024 | R. 193 | 2142-2144 |
| Judj. | 6/14/2024 | R. 211 | 2235-2253 |
| Fir. D's Mtn Att. Fees | 6/28/2024 | R. 220 | 2275-2276 |
| Sua Sponte Order | 11/5/2024 | R. 263 | 2669-2671 |
| Supp. D's Mtn. Att. Fees | 11/19/2024 | R. 265 | 2679-2687 |
| Grant Supp. Mtd. Atty. Fees | 1/22/2025 | R. 277 | 2748-2752 |
| Pilking. Supp. Mtd. Atty. Fees | 1/22/2025 | R. 278 | 2750-2753 |
| P's Omni. Resp. Atty. Fees | 1/15/2025 | R. 276 | 2725-2749 |
| Jdmt. Atty. Fees | 2/18/2025 | R. 279 | 2768-2797 |
| P's Alter Jdmt. | 3/18/2025 | R. 282 | 2809-2816 |
| P'S Denial Alter Jdmt. | 4/7/2025 | R. 285 | 2829-2830 |
| Notice of Appeal | 5/7/2025 | R. 287 | 2831 |