UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 18, 2025
KELLY L. STEPHENS, Clerk

**24-5918/5919**

GLENN WHITING,

      Plaintiff - Appellant,

      v.

CITY OF ATHENS, TENNESSEE (24-5918/5919); MIKE KEITH and BRANDON AINSWORTH (24-5918); STEVE SHERLIN (24-5919),

      Defendants - Appellees.

**25-5424**

GLENN WHITING,

      Plaintiff - Appellant,

VAN IRION,

      Appellant,

      v.

CITY OF ATHENS, TENNESSEE; SETH SUMNER; BO PERKINSON; BRANDON AINSWORTH; JAMESON SLIGER; TY GABLE; ROD WALKER; SETH WALKER; DEB CARDIN; TYLER HICKS; OFFICER TOM GARLAND,

      Defendants - Appellees.

On Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.

# SHOW CAUSE ORDER

**THESE MATTERS** are before the court *sua sponte*. All three cases are appeals that arise out of lawsuits filed by Plaintiff-Appellant Glenn Whiting against the City of Athens, Tennessee, and several city officials over a 2022 fireworks show and the subsequent fallout.

Nos. 24-5918/5919/25-5424, *Whiting v. City of Athens, Tenn. et al.*

We have concerns about some of the representations in Whiting's briefing.  For example, on page 21 of his brief in No. 25-5424, Whiting asserts that the district court issued sanctions *sua sponte* under 28 U.S.C. § 1927, but the district court issued those sanctions on motion of the defendants.

We also have concerns related to several of the authorities cited in Whiting's briefing.  A sample of problematic citations follows.

On page 1 of his brief in No. 25-5424, Whiting cites "*Jones v. Hamilton Cnty.*, 29 F.4th 647, 655 (6th Cir. 2022)," for the proposition that we review sanctions under "42 U.S.C. § 1927" for an abuse of discretion.  Whiting Brief in No. 25-5424 at 1.  Whiting also cites "*Jones v. Hamilton Cnty.*" on pages 13 and 20 of the brief.  *Id.* at 13, 20.  The Federal Reporter citation does not correspond with a Sixth Circuit decision.  The decision at 29 F.4th 647 is a Tenth Circuit opinion in an unfair competition case.  *See Bimbo Bakeries USA, Inc. v. Sycamore*, 29 F.4th 630, 647 (10th Cir. 2022).  And the decision at 29 F.4th 655 is another Tenth Circuit case—this time an appeal from a guilty plea.  *See United States v. McIntosh*, 29 F.4th 648, 655 (10th Cir. 2022). Neither Tenth Circuit case discusses attorneys' fees or sanctions.  This court has issued a decision captioned "*Jones v. Hamilton County*," but it was an unpublished opinion from 2023.  *See Jones v. Hamilton County*, No. 23-3002, 2023 WL 7391704 (6th Cir. Nov. 8, 2023), *cert. denied*, 144 S. Ct. 1098 (2024).  That case does, however, stand for the proposition that we review sanctions under 28 U.S.C. § 1927 for an abuse of discretion.  *See id.* at *3.

Also on page 1 of his brief in No. 25-5424, Whiting cites "28 U.S.C. § 455(f)" as providing the appropriate provision to pursue a recusal motion.  Whiting Brief in No. 25-5424 at 1. But § 455(f) creates an exception to the rule that judges must recuse from a case in which they have a financial interest.  It says nothing about recusal motions generally.

Nos. 24-5918/5919/25-5424, *Whiting v. City of Athens, Tenn. et al.*

On pages 3, 14, 22, and 23 of his brief in No. 25-5424, Whiting cites "*Espinosa*, 559 U.S. 260 (2010)" and "*Espinosa v. United Student Aid Funds, Inc.*, 559 U.S. 260, 272 (2010)," for the proposition that the district court violated Whiting's due process rights by failing to give him enough time to prepare his pleadings and by denying him access to the CM/ECF electronic filing system. Whiting Brief in No. 25-5424 at 3, 14, 22–23. But the case is actually captioned "*United Student Aid Funds, Inc. v. Espinosa*." Moreover, that case was about whether the bankruptcy court should have granted Rule 60(b) relief because the debtor did not serve a creditor with a summons and complaint in an adversary proceeding. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 264 (2010).

On pages 12 and 16 of his brief in No. 25-5424, Whiting cites "*Price Bros. v. Philadelphia Gear*, 629 F.2d 444, 449 (6th Cir. 1980)," to argue that the district court violated the "extrajudicial-source doctrine." Whiting Brief in No. 25-5424 at 12. Although that case does involve a judge who sent his law clerk to engage in extra-record fact-finding, the pincite that Whiting cites is to a Seventh Circuit case about medical malpractice. *See Williams v. St. Joseph Hosp.*, 629 F.2d 448, 449 (7th Cir. 1980).

On page 16 of his brief in No. 25-5424, Whiting cites "*Berg v. Knox Cnty., TN*, 2024 WL 2012345, at *4 (6th Cir. Mar. 12, 2024)," for the proposition that "recusal mandated when extrajudicial commentary demonstrates bias." Whiting Brief in No. 25-5424 at 16. We cannot find any evidence that this case exists. The WL citation does not generate a case. We could not find the opinion in our opinions archive. Indeed, the only source on Westlaw that cites to a Sixth Circuit decision called "*Berg v. Knox Cnty.*" is Whiting's briefing in this case. We found three district court opinions captioned as "*Berg v. Knox County, Tennessee*" in Westlaw, but none of them discuss recusals of a judge. *See generally Berg v. Knox County*, No. 3:20-CV-00019-DCLC,

Nos. 24-5918/5919/25-5424, *Whiting v. City of Athens, Tenn. et al.*

2020 WL 7078374 (E.D. Tenn. Sept. 28, 2020); *Berg v. Knox County*, No. 3:22-CV-272-KAC-JEM, 2023 WL 122904 (E.D. Tenn. Jan. 6, 2023); *Berg v. Knox County*, No. 3:20-CV-19-DCLC-HBG, 2020 WL 13888749 (E.D. Tenn. Dec. 17, 2020).

On pages 17 and 19 of his brief in No. 25-5424, Whiting cites "T.C.A. § 29-12-119," but we cannot find a section 29-12-119 in the Tennessee Code Annotated.

Finally, on pages 17 and 20 of his brief in No. 25-5424, Whiting cites to *Fox v. Vice*, 563 U.S. 826 (2011), for the propositions that (1) "fee awards 'must be limited to the hours reasonably expended on' the frivolous claim," (2) "[t]he Court 'may make . . . a percentage reduction'" of a lawyer's requested fees, and (3) "[u]nsupported 'attorney conjecture' on apportionment" of attorneys' fees "is impermissible." Whiting Brief in No. 25-5424 at 17, 20 (omission original). But none of those quotes appear in *Fox*.

On pages 1 and 4 of Whiting's reply in No. 24-5918, Whiting says, "'[T]he mere fact that a plaintiff did not prevail does not mean that the claim was frivolous.' *Adcock-Ladd v. Secretary of the Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)." That quote does not appear in *Adcock-Ladd*. Furthermore, throughout the reply, Whiting includes quoted language without citing a source. For example, on pages 1, 4, 6, and 7, Whiting apparently cites to Appellees' brief but does not provide a record cite. And on pages 6 and 8, Whiting appears to quote language from court cases but includes no case citation.

We therefore have cause to believe that sanctions may be warranted under the Federal Rules of Appellate Procedure, this court's inherent authority, and any other source of disciplinary or sanctioning power. *See, e.g.*, Fed. R. App. P. 38; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

**NOW THEREFORE**,

Nos. 24-5918/5919/25-5424, *Whiting v. City of Athens, Tenn. et al.*

1.  Van Irion and Russell Egli are **ORDERED TO SHOW CAUSE** why they should not be sanctioned and/or disciplined for the conduct described in this order.

2.  Briefs of no more than 5,000 words are due within two weeks after the issuance of this order.

3.  Any other party wishing to submit a brief may submit a brief of no more than 5,000 words within two weeks after Irion and Egli submit their responsive briefs.

4.  There will be no reply briefs.

5.  Irion and Egli must provide the Westlaw or LexisNexis printouts of each authority cited across all of the briefs they have filed in the consolidated appeals.  If Irion and Egli have quoted from an authority, they must highlight the quoted language in each authority.  If there are any discrepancies, Irion and Egli are expected to discuss those discrepancies in their responsive briefing.

6.  In addition to any arguments or factual submissions that they believe warrant our consideration, Irion and Egli must explain (1) who wrote the briefing in each case, (2) whether any of the briefs were ghost written in whole or in part, (3) whether generative AI was used in the drafting of these briefs, and (4) the processes that were used to cite-check each brief.

**ENTERED BY ORDER OF THE COURT**

Kelly L. Stephens, Clerk