**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

GLENN WHITING,

    Appellant,

                                          CIVIL CASE NO: 25-5424

    v.

CITY OF ATHENS, et al.,

    Appellees.

**APPELLANT'S OMNIBUS RESPONSE TO**
**VOID ORDER TO SHOW CAUSE**

Pursuant to Federal Rules of Appellate Procedure and this Court's Local Rules, the appellant, by and through undersigned counsel, hereby files this Response to the September 18, 2025, Court Clerk's purported Order to Show Cause. (Doc.40, Case#24-5918; hereinafter "Void OSC").

The purported order is void on its face for failing to include a signature of an Article III judge. *See* 6th Cir. Local Rule 45(a) and (b); Fed. R. App. Proc. 45; Fed. R. Civ. Proc. 77(c)(2)(d). The purported order also fails to cite any standing order of the Court, local rule, or other authority authorizing a Court Clerk to enter an Order to Show Cause. In fact, the order fails to identify any judge or assert that a specific judge authorized or ordered entry of the Order to Show Cause.

Additionally, the purported order has several irregularities that give the appearance that no judge would have drafted said order. First, the Void OSC fails to follow any of the Court's Local Rules regarding attorney discipline. 6th Circuit Local Rule 46(c)(2) requires the Court to seal any and all documents regarding attorney discipline. The Void OSC was filed publicly and is available to the public. It was not sealed as this Court's Rules REQUIRE.

1

6th Circuit Local Rule 46(c)(4) establishes that only the Chief Circuit Judge may initiate attorney disciplinary proceedings. 6th Circuit Local Rule 46(c)(4)(C) requires any complaint to be either initiated by the Chief Circuit Judge or forwarded to the Chief Circuit Judge for review prior to issuance of any OSC. Yet the Void OSC does not have the signature of ANY judge of this Court, let alone the Chief Judge. While 6th Circuit Local Rule 46(c)(4) allows the Court Clerk to sign an OSC at the order of the Chief Judge, such a situation still requires the Chief Judge to either initiate the OSC himself or review a third-party complaint prior to issuing an OSC.

The Void OSC fails to indicate that the Chief Circuit Judge ever initiated or reviewed the Void OSC. This Court's Clerk REFUSED to identify what judge had ordered entry of the Void OSC and REFUSED to identify what authority allows her to issue an OSC without identifying the specific judge or judges who ordered her to enter said OSC.

6th Circuit Local Rule 46(c)(4)(B) establishes the minimum information that must appear in any OSC issued by this Court. To wit, (i) The name, address, and telephone number of the complainant; Yet the Void OSC fails to name either a third-party complainant or the Chief Judge. (iii) Copies of all documents or other evidence that support the factual allegations contained in subsection (ii), including a copy of any rule or order of this court that is alleged to have been violated; Yet the Void OSC was accompanied by zero copies of anything. (iv) A statement under the penalty of perjury-at the end of the complaint-that the complainant has read the complaint and that the facts contained there are correct to the best of the complainant's knowledge. The Void OSC does not identify the Chief Judge as initiating the disciplinary action, nor does it identify any complainant, nor does it have ANY statement signed by anyone under

penalty of perjury. It also fails to have any indication that the Chief Judge reviewed or initiated the Void OSC.

In addition, 6th Circuit Local Rule 46(c)(4)(C)(iii) states, If the chief judge issues an order to show cause, the clerk will *mail* the following to the respondent. Note that this Rule does not state that the clerk will enter an OSC on the Record. Publicly filing an OSC, not under seal, is not the same as, the clerk will mail… The requirement that the clerk mail an OSC is likely due to the sealed nature of these proceedings. Neither Respondent attorney received ANYTHING from this Court regarding the Void OSC by mail.

Further, 6th Circuit Local Rule 46(c)(4)(the second one, mis-labeled in the Court's published Local Rules as (4), should be (5)), states, a respondent has 21 days from entry of the order to show cause to file a response. Yet the Clerk's Void OSC orders Respondent attorneys to file Briefs of no more than 5,000 words due within two weeks after the issuance of this order. No grounds, explanation, discussion, or reason of any kind is given in the Void OSC for shortening by 33% the time for Respondent's to respond. It is likely that two weeks were given because the Clerk who initiated and drafted the Void OSC was not aware of this Court's Local Rules regarding attorney discipline.

Finally regarding irregularities, the Void OSC orders the Respondent attorneys to "explain (1) who wrote the briefing in each case, (2) whether any of the briefs were ghost written in whole or in part, (3) whether generative AI was used in the drafting of these briefs, and (4) the processes that were used to cite-check each brief." These highly unusual directives reflect a total lack of understanding regarding *ghost writing* as that term is used in an attorney discipline context. Ghost writing occurs when a pro se party files a document that was written or partially written by a licensed attorney, without stating clearly on the document that it was drafted by said

3

attorney. These cases are devoid of any pro se parties. It is literally impossible for either attorney Respondent to have ghost written anything in this matter because there is no pro se party.

This shocking misunderstanding of a basic issue being asserted by the Void OSC further reflects that this Court's Chief Judge did NOT review the Void OSC before it was entered on the Court's public docket. It also reflects a lack of understanding of attorney-client and work product privilege. To wit, it is a violation of the privileges of the Respondent attorneys and their clients for this Court to demand to know the details of the Respondent attorneys' work product and practices.

The ghost writing allegations also support the fact that the Void OSC is motivated by harassment of the Respondent attorneys and reflects illegal ex-parte communications within this Court. Attorney Irion was accused by another court of ghost writing for a pro se party, in a COMPLETELY UNRELATED MATTER, which is still under appeal. There is no evidence in the record of this case that would remotely indicate ghost writing in the briefs cited. There is also no reason why either a Clerk or Judge of this Court would be aware of the allegations from an unrelated matter. Therefore, either the Judges of this Court and/or the Eastern District of Tennessee are communicating ex-parte with each other about the facts of the unrelated Eastern District matter, or opposing counsel is communicating ex-parte with this Court regarding the unrelated Eastern District allegations. While another explanation may exist, the Respondent attorneys do not see what alternate explanation could lead to this Court's Clerk accusing the Respondents of ghost writing.

All of these irregularities are shocking if this Void OSC was actually reviewed by ANY judge, let alone ordered to be issued in its current state by the Chief Judge. These irregularities

4

support the fact that the Void OSC was never reviewed by the Chief Judge, or any judge. The alternative is that the Chief Judge is ignoring his own Court's Local Rules.

### Demand for Hearing

Should this Court or its clerk's move forward as if the Void OSC is legitimate, then the Respondents demand an in-person hearing before an Article III judge of this Court, not a clerk.

Also, should this Court attempt to proceed on this clearly unlawful and void OSC, the Respondents also demand that a proper, authorized OSC be entered under seal, signed by the Chief Judge of this Court, mailed to the Respondents along with ALL of the accompanying documents and under-oath statement required by this Court's Local Rules, and an opportunity to substantively respond to said valid order.

### Conclusion

For all the reasons set forth herein, the Respondent attorneys request that this Court enter a valid order, signed by an Article III judge, indicating that the Void OSC is, in fact, VOID for all the reasons set forth herein.

Respectfully submitted.

s/Russ Egli
Russ Egli, BPR#24408
The Egli Law Firm
Attorney for the Appellant
11109 Lake Ridge Drive, FL3
Knoxville, TN 37934
865-304-4125
865-274-8872
theeglilawfirm@gmail.com

**ECF CERTIFICATE OF SERVICE**

It is hereby certified that a copy of the above document has been served upon parties or counsel for the parties in interest through this Court's ECF system

.

s/Russ Egli
Russ Egli, BPR#24408
The Egli Law Firm
Attorney for the Appellant