# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

GLENN WHITING,

    Plaintiff/Appellant,

                              CIVIL CASE NO: 24-5918/5919/25-5424

    v.

CITY OF ATHENS, et al.

    Defendants/Appellees.

## APPELLANT'S MOTION TO STRIKE PILKINGTON, BIBB, AND WELLS "RESPONSE" TO THE CLERK'S VOID ORDER TO SHOW CAUSE

    Pursuant to Federal Rules of Appellate Procedure and this Court's Local Rules, the appellant, by and through undersigned counsel, hereby files this Motion to Strike Pilkington's, Bibb's, and Well's (hereinafter "Attorneys") "Response" (Doc. 21, case # 25-5424) to the Court Clerk's purported Order to Show Cause. (Doc. 40, Case # 24-5918; hereinafter "Void OSC").

    Grounds for this motion are that Attorneys' "Response" includes assertion of facts and documents not of Record in this matter, which are from unrelated matters still being litigated in other jurisdictions, all in violation of clear prohibitions made by the U.S. Supreme Court; that said matters are inflammatory, prejudicial, and adds zero legitimate value to the litigation of the Clerk's Void OSC; that neither the Appellees nor their attorneys filed any complaint with this Court regarding the Clerk's allegations asserted in the Void OSC; and that neither the Appellees nor their attorneys have any standing to respond to an OSC directed explicitly to counsel for the Appellants contravening ethical standards and due process requirements.

1

ARGUMENT

On September 18, 2025, the Clerk of this Court *sua sponte*[1] entered an "Order to Show Cause." (Doc. 40, case #24-5918). The purported Order to Show Cause was signed by the Clerk and fails to indicate anywhere what Judge authorized the Order. *Id*. The Void OSC was not filed under seal, as is required by this Court's Local Rules. 6 Cir. R. 46(c)(2). Documents required to be included with an OSC were not included with the Void OSC, as is required by this Court's Local Rules. 6 Cir. R. 46(c)(2). Further, the Void OSC was not initiated by this Court's Chief Judge. 6 Cir.R.46(B). Attorneys Irion and Egli pointed out these fatal deficiencies in their Response. Then opposing counsel filed their offending, offensive, and unethical "Response."

The Void OSC is explicitly directed ONLY to attorneys for the Appellants, Irion and Egli. *Id*. The Void OSC, being "sua sponte" was not initiated by a complaint from opposing counsel or any Appellee. Therefore, opposing counsel have no standing to "Respond" to an order that was not directed to them. In fact, had the Clerk followed this Court's Local Rules, the Void OSC would have been filed under seal, would not have been posted on a public database, and would not have been served upon opposing counsel. For these reasons alone, the offending "Response" filing should be stricken.

Worse, Attorney's "Response" discusses and attached inflammatory and prejudicial documents from unrelated matters. Doc. 40, Case # 25-5424. Said other matters are not of Record in the instant appeals. Said other matters are still being litigated in this Court and in other jurisdictions.

---

[1] The Void OSC falsely claims that the Appellant Whiting claimed that Judge McDonough entered sanctions *sua sponte* when in fact the brief properly averred that Judge McDonough *sua sponte* order entered an order allowing the Defendants to correct their loadstar applications. R. 263.

Basic Standards for Ethical Judicial Behavior The United States Supreme Court has made clear that:

While there is no single Sixth Circuit attorney discipline rule covering this issue, the principle that a judge cannot consider facts outside the record is a fundamental aspect of legal ethics rooted in the canons of judicial conduct and due process. This restriction is essential for ensuring impartiality and preserving the integrity of the judicial process.

> "Judges, if faithful to their oath, approach every aspect of each case with a neutral and objective disposition. They understand their duty to render decisions upon a proper record and to disregard earlier judicial contacts with a case or party."

-*Litekey v. United States*, 510 U.S. 540, 562 (1994)(emphasis added).

The Court has explained that it is impermissible for a trial judge to consider facts outside of the record of the case over which he presides. *Price Bros. Co. v. Philadelphia Gear Corp.*, 629 F.2d 444 (6th Cir. 1980); *See also In re Estate of Fornof*, 96 Ill. App. 2d 260 (Ill.Ct.App.1968) (While courts can take judicial notice of their records in a pending case, they cannot do so in respect to records of other proceedings even where the facts are within the personal knowledge of the court.); *citing People v. McKinlay*, 367 Ill. 504, *and Palmer v. Mitchell*, 57 Ill App 2d 160; *see also Bridgeman v. Bridgeman*, 192 Miss. 800 (Miss.1942).

> "We think the great weight of authority, as well as the best among the reasons, supports the rule that trial courts cannot, in the determination of a particular case, take judicial notice of what was done in any other case, even in the same court, so as thereby to supply facts essential to the support of the particular case out of those shown in the prior case."

*Bridgeman v. Bridgeman*, 192 Miss. 800, (*citing* 20 *Am. Jur.*, p. 105, Sec. 87, *and* 1 *Jones Com. on Ev.* (2 Ed.), p. 767); *see also Armstrong v. Jones*, 198 Miss. 627 (Miss.1945); *Chattanooga Brewing Co. v. Smith*, 3 Ala. App. 565 (Ala.Ct.App.1912).

Note that these standards are so universal that the citations above come from the U.S. Supreme Court and legal compendiums such as American Jurisprudence and Jones Commentary on Evidence. These ethical standards are fundamental to basic due process and SHOULD be general knowledge to any practicing attorney. Yet the ENTIRE purpose of the Attorney's "Response" is to introduce to this Court documents that are not part of the record. Such behavior is a violation of fundamental ethics.

The Attorney's filing explicitly encourages this Court to violate its oath of office by failing to follow its "duty to render decisions upon a proper record." *Litekey,* 510 U.S. at 562. It also encourages this Court to ignore the fundamental rule of evidence "that trial courts cannot, in the determination of a particular case, take judicial notice of what was done in any other case, even in the same court." *Bridgeman*, 192 Miss. 800 (emphasis added); *citing* 20 Am. Jur., p. 105, Sec. 87, *and* 1 *Jones Com. on Ev*. (2 Ed.), p. 767.

Opposing counsel either knew, or should have known, the fundamental jurisprudence standards set forth above. Yet they filed the inflammatory and unethical documents from unrelated cases and explicitly requested the Court to consider the unrelated documents in ruling in the instant matter. Opposing counsel should be sanctioned by this Court.

## Conclusion

For all the reasons set forth herein, the Respondent attorneys request that this Court GRANT the instant motion, and enter a valid order, signed by an Article III judge, striking Attorney's unauthorized and unethical "Response" to the Clerk's Void OSC.

Submitted this 28th day of October 2025.

s/Van R. Irion
Van R. Irion (BPR#024519)
Law Office of Van R. Irion, PLLC
800 S. Gay St., Suite 700
Knoxville, TN 37929
Attorney for Appellants
van@irionlaw.com
www.irionlaw.com
(865) 766-4040

s/Russell Egli
Russell Egli, BPR#24408
The Egli Law Firm
11109 Lake Ridge Drive, FL3
Knoxville, TN 37934
865-304-4125
865-274-8872
theeglilawfirm@icloud.com

CERTIFICATE OF SERVICE

It is hereby certified that a copy of the above document has been served upon parties or counsel for the parties in interest through the Court's electronic filing system.

s/Russell Egli
Russell Egli, BPR#24408
The Egli Law Firm
Attorney for Appellants