**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

GLENN WHITING,
Plaintiff/Appellant,

CIVIL CASE NO: 24-5918/5919/25-5424

v.

CITY OF ATHENS, et al.
Defendants/Appellees.

**ATTORNEY IRION'S OBJECTIONS TO ACCOUNTING FOR ATTORNEY'S FEES REQUESTED BY DEFENDANT APPELLEES**

Pursuant to this Court's Order (Entered in case 24-5918 at Doc.50-2, hereinafter "Sanctions Order"), Federal Rules of Appellate Procedure, and this Court's Local Rules, attorney Irion, hereby files this Objections to Accounting filed by the defendant/appellees on March 20, 2026.

**Motion to Strike Forthcoming**

The panel's Sanctions Order improperly includes an "appendix" that was first filed simultaneously with the Court's Sanctions Order and raises factual allegations against both attorney Irion and attorney Egli which were never raised, noticed, responded to, or mentioned in any way prior to this Court's entry of its Sanctions Order. (Doc.50-2, Appendix, at p.18-24 (by itself longer than the entire initial OSC)). It should go without saying that such an attempt to back-fill a poorly drafted OSC by asserting new factual allegations at the moment of judgement is beyond any doubt a clear violation of basic due process notice requirements. This Court's attempt to back-fill its Clerk-entered OSC after the fact is further evidence that this Court's actions are nothing more than retaliation against attorney Irion.

A separate motion to strike will be filed by Irion on or before March 30, 2026, along with his petition for panel and en banc rehearing, that further supports his grounds to strike the panel's unlawful "appendix." This section of Irion's objection is intended only to provide the panel with

notice that said motion will be forthcoming, and for the purpose of reviewing the following objections with the initial OSC's allegations in mind, rather than the allegations which first appeared simultaneously with the panel's Sanction Order.

**Objections**

As discussed fully in attorney Irion's petition for rehearing, to be filed on or before March 30, 2026, attorney Irion made no appearance and filed no documents in appeal number 25-5424. (This fact can be verified by reviewing this Court's ECF). Almost all of this Court's allegations contained in the initial OSC were directed at the brief filed in 25-5424. *See* Doc.40, OSC, case# 24-5918 at p.2-4 (allegations).

Yet this Court's Sanctions Order requires attorney Irion to pay to this Court $15,000 as sanction for the three appeals wrongfully found to be "frivolous" by this Court. While the Court's Sanctions Order is unclear on this point, it appears that it reaches its $15,000 sanctions, per attorney, amount by tripling a $5,000 sanction due to the three appeals wrongfully found to be "frivolous." (Irion also objects to the lack of clarity in the Court's order regarding how it reached this sanction amount.) Assuming that the sanction is interpreted correctly, as described above, Irion objects to paying a sanction fee for an appeal for which he never made any appearance nor filed any documents, nor had any allegations alleged against him by this Court. Therefore, the Court's direct sanction against Irion should be reduced by at least $5,000 because Irion had nothing to do with the 25-5424 appeal.

Further, the initial OSC never alleges ANY misrepresentations regarding any document filed in case number 24-5919. *See* Doc.40, OSC, case# 24-5918 at p.2-4 (allegations). Irion objects to paying a sanctions amount to the Court for a wrongful finding of frivolous appeal where the OSC issued never even mentioned any ALLEGED misrepresentation from the 24-

5919 appeal. Therefore, the Court's direct sanction against Irion should be reduced by at least another $5,000 because the OSC failed to notify Irion regarding ANY alleged misrepresentations in the 24-5919 appeal.

Finally, regarding the sanctions ordered to be paid directly to the Court, as stated above, almost all of the allegations of misrepresentations asserted in the Court's OSC were alleged to have been contained in the brief filed in case number 25-5424. *See* Doc.40, OSC, case# 24-5918 at p.2-4 (allegations). Again, Irion never appeared nor filed anything in said appeal. The OSC allegations regarding the one brief filed by Irion fail to even ALLEGE actual misrepresentation of law or fact. The allegations against Irion are, at worse, allegations of mis-citations of true facts and one quoted sentence that should have been cited as a summary of two sentences rather than a single quote. The assertion of law is and was correct, and the panel's OSC does not allege otherwise. *See Id*. In other words, even if the allegations in the Court's OSC against Irion were all true, the worst the OSC alleges against Irion are a small number of non-deceptive, legally and factually correct, citation errors. Irion objects to being sanctioned equally for said non-deceptive (alleged) errors, as if equal to all of the other allegations in the Court's OSC. Clearly this Court is retaliating against Irion. Therefore, the final $5,000 sanction against Irion is not supported by the OSC, and should be vacated.

It is noted here for the Record that attorney Irion is not a partner with attorney Egli, nor are Irion and Egli members of any law firm in common, nor have they ever been. Yet this Court's Sanction Order treats them as two halves of the same person, making no effort to distinguish the allegations or findings between the two. Again, attorney Irion believes that this Court's *sua sponte* consolidation, followed immediately by its OSC alleging very few allegations

against Irion, followed by equal sanctions against Irion and Egli, all arise from the panel's retaliation and attempts to silence Irion.

Regarding the attorney's fees requested by opposing counsel (Doc.42-1 and 42-2), attorney Irion objects to paying any attorney's fees arising from appeal 24-5919, because this Court's OSC failed to allege ANY misrepresentations in that appeal. Therefore, the fees request should be reduced by $7,189.59.

Finally, and again, attorney Irion did not file the brief in appeal 25-5424, from which most of the allegations, and the more serious allegations, made by the OSC arise. *See* Doc.40, OSC, case# 24-5918 at p.2-4 (allegations). Because Irion did not appear in that appeal and did not file the brief complained of, he should not be required to pay the attorney's fees incurred by defendant/appellees in that appeal. The only possible justification for continuing to sanction Irion for that appeal would be this panel's continued attempts to wrongfully retaliate against Irion. Therefore, the fee request should be reduced, as to Irion, by an additional $11,935.91.

It is also noted that according to the accounting document filed by defendant/appellees, the double costs ordered to be paid by this Court's Sanctions Order amounts to zero dollars. *See* Doc.42-1 at p.2, Case#25-5424 (stating, these defendants have incurred no costs in the defense of these three appeals).

In total, if opposing counsel's fee request was approved and this Court fails to correct its Sanctions order, Irion would be required by the current Sanctions Order to pay $41,315.09. As discussed above, <u>at most</u> the panel's proceedings to date support $12,189.59 against Irion. That amount presumes that citation errors, not even alleged in the OSC to be deceptive or legally erroneous, support sanctions equal to allegations of deceptive "fake" citations several multiples more in frequency.

**Statement of Attorney Irion re Inability to Pay**

This Court's Order requires, prior to any deadline for petition to rehear or appeal, attorney Irion to file an affidavit under seal describing [his] financial situation, if unable to comply with the requirements of this order. (Doc.50-2 at p.14, Case#24-5918). Attorney Irion objects to the Court's order to disclose private financial information prior to any deadlines for petitions to rehear or appeal the instant order. Again, the panel's actions appear to be intended to retaliate against Irion. For all the reasons set forth by Irion in his Petition for panel rehearing and rehearing en banc, to be filed on or before March 30, 2026, per Federal Rules of Appellate Procedure 40, the panel's order should be **VACATED** in its entirety.

Without waiving said objection regarding the premature requirement for disclosure of private financial information, effectively denying attorney Irion due process regarding said ordered statement, attorney Irion attaches to this objection an affidavit stating that he does not have the financial ability to pay any of the ordered fees, fines, or sanctions.

**Conclusion**

For all the reasons set forth herein, the Respondent attorney requests that this Court **SUSTAIN** the objections asserted herein, and reduce the sanctions order applied to him by an amount of at least $29,125.50.

Submitted this 27th day of March, 2026.

s/Van R. Irion
Van R. Irion (BPR#024519)
Law Office of Van R. Irion, PLLC
1818 Kim Watt Dr.
Knoxville, TN 37929
Petitioner
van@irionlaw.com
www.judicialreformfoundation.com
(865) 809-1505

CERTIFICATE OF SERVICE

It is hereby certified that a copy of the above document has been served upon parties or counsel for the parties in interest.

s/Van R. Irion________________

COUNSEL SERVED:

**Brian Robert Bibb**
Watson, Roach, Batson, Rowell & Lauderback PLC
1500 Riverview Tower
900 South Gay Street
P.O. Box 131
Knoxville, TN 37901-0131
865-637-1700
Fax: 865-525-2514
Email: bbibb@watsonroach.com
*Counsel for Appellees*